**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

THOMAS BRITTON,

      Plaintiff,

v.                                                                                  Case No. 24-cv-02360-SPM

JOSEPH LOERA, *et al.*,

      Defendants.

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case is before the Court for case management purposes. Currently, John Does 1, 2, 3, 6, and 7 remain unidentified and have not been served. Plaintiff has notified the Court that he has diligently attempted to identify these individuals but without success. (Doc. 71, p. 3). Plaintiff asks for the Court to set a Rule 16 Scheduling and Discovery Conference and for this Court to proceed to merits discovery. As John Does 1, 2, 3, 6, and 7 have not been identified by the deadline set by the Court and Plaintiff has indicated that he does not intend to request an extension of the deadline (*see* Doc. 68, 71), John Does 1, 2, 3, 6, and 7 are **DISMISSED without prejudice**. Additionally, because the John Does have been either identified or dismissed, Anthony Wills, Warden of Menard Correctional Center, is no longer a necessary party, and is also **DISMISSED without prejudice**. (*See* Doc. 34, 35). The Clerk of Court is **DIRECTED** to **TERMINATE** John Does 1, 2, 3, 6, and 7, and Anthony Wills, Warden of Menard Correctional Center, as parties

Before proceeding to merits discovery, the issue of exhaustion must be resolved. *See Pavey v. Conely,* 544 F.3d 739, 742 (7th Cir. 2008) ("discovery with respect to the merits should be deferred until the issue of exhaustion is resolved"), *abrogated by Perttu v. Richards,* 605 U.S. 460

Page 1 of 2

(2025). The Court previously stayed the deadline for filing a dispositive motion re exhaustion of administrative remedies until all Defendants were identified and served. (Doc. 40). All Defendants have been served. Therefore, dispositive motions re exhaustion of administrative remedies are due on or before **June 11, 2026**. Merits discovery remains stayed. (*See* Doc. 23).

The Court further notes that Defendants Loera and Dintelmann have not filed a responsive pleading to the Amended Complaint despite being directed to do so. (*See* Doc. 34, 2). The Court will sua sponte grant Loera and Dintelmann and extension of the deadline. Their responsive pleading shall be filed on or before **May 19, 2026.** Defendants Dintelmann and Loera are **WARNED** that a failure to file a timely answer may result in a default judgment against them.

**IT IS SO ORDERED.**

**DATED: May 12, 2026**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**